FINAL REPORT[1]


*Amendments to Pa.R.Crim.P. 140, 141, and 142*

TECHNICAL CORRECTIONS RELATED TO THE ABOLITION OF THE
PHILADELPHIA TRAFFIC COURT

---

On January 2, 2018, effective April 1, 2018, upon the recommendation of the Criminal Procedural Rules Committee, the Court amended Rules 140 (Contempt Proceedings Before Magisterial District Judges and Pittsburgh Magistrates Court Judges, and Philadelphia Traffic Court Judges), 141 (Appeals from Contempt Adjudications by Magisterial District Judges and Pittsburgh Magistrates Court Judges, and Philadelphia Traffic Court Judges), and 142 (Procedures Governing Defaults in Payment of Fine Imposed as Punishment for Contempt) to correct the references to the Philadelphia Traffic Court to reflect the abolition of that court and the transfer of its function to the Traffic Court Division of the Philadelphia Municipal Court.

The Philadelphia Traffic Court was abolished with the process beginning in 2013 with the passage of Act 17 of 2013. The Act transferred the functions and responsibilities of the Traffic Court to the Traffic Division of the Philadelphia Municipal Court. Shortly after the passage of the Act, the Committee developed a number of rule changes to reflect this transfer. These changes were adopted by the Court on May 7, 2014, effective immediately upon adoption.

Most of the amendments changed references to the "Traffic Court" to the "Traffic Division of the Municipal Court." However, Rules 140-142 that provide the procedures for contempt proceedings by the minor judiciary were treated somewhat differently. A paragraph was added to the *Comment* in each of these rules stating:

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also, note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.


Corrections Related to the Abolition of the Traffic Court    *Final Report*: 1/2/2018

Pursuant to Act 17 of 2013, P.L. 55, No. 17 (June 19, 2013), the jurisdiction and functions of the Philadelphia Traffic Court were transferred to the Philadelphia Municipal Court Traffic Division. The terminology is retained in these rules because the Philadelphia Traffic Court, which is created by the Pennsylvania Constitution, has not been disestablished by constitutional amendment. Hearing officers of the Philadelphia Municipal Court Traffic Division do not have contempt powers of Philadelphia Traffic Court judges under 42 Pa.C.S. § 4139.

This was consistent with existing provisions in these *Comments* retaining reference to Pittsburgh Magistrate Court judges. Even though the function of the Pittsburgh Magistrate Court has been transferred to the Pittsburgh Municipal Court that has been staffed entirely by magisterial district judges for some time, statutes referencing Pittsburgh Magistrate Court judges remain, particularly 42 Pa.C.S. § 4138 that defines the contempt powers of these judges. Therefore, the Committee had decided to retain the references to Philadelphia Traffic Court judges in Rules 140-142 because they still were authorized by the Pennsylvania Constitution and Act 17 permitted those non-convicted sitting Traffic Court judges to continue to serve until they completed their current terms or until the Constitution had been amended. *See* 42 Pa.C.S. §1321.

In April 2016, a referendum to amend Article V, Section 6 of the Pennsylvania Constitution formally abolishing the Traffic Court was passed and references to the Traffic Court have been removed from the Constitution. As a result, the Committee deemed it appropriate to modify these rules to reflect that change.

Therefore, the remaining references to the Traffic Court contained in Rules 140-142 are removed and the *Comment* language revised to state the reason for this removal. Additionally, references in the rules to 42 Pa.C.S. §4139 are being removed. Section 4139 defines the contempt powers of the Traffic Court judges. Even though that statute has not been repealed, it refers to the powers of an office that no longer exists. Finally, the format of the numeration of paragraphs in Rule 140 has been changed to make it consistent with that in the other rules.